```
 1  McGREGOR W. SCOTT
    United States Attorney
 2  RICHARD J. BENDER
    Assistant U.S. Attorneys
 3  501 "I" Street, Suite 10-100
    Sacramento, California 95814
 4  Telephone: (916) 554-2731
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR S-07-0058 FCD |
| Plaintiff, | |
| v. | APPLICATION FOR ORDER REGARDING CRIMINAL FORFEITURE |
| DANIEL MILLAN SANCHEZ, and JACOBO FERNANDEZ, | OF PROPERTY IN GOVERNMENT CUSTODY - 18 U.S.C. § 983(a)(3)(B)(ii)(II) |
| Defendants. | |

The United States of America, through its counsel, hereby moves for an order allowing the government to maintain custody of property already in the government's possession pending the resolution of a criminal forfeiture matter.  The grounds for the motion are as follows:

On or about December 1, 2006, law enforcement officers from the Stockton Police Department executed state search warrants at two locations.  The officers seized the following during the execution of the state search warrants:

a). Approximately $13,937 in U.S. Currency seized from 3725 Section Avenue, Stockton, CA; and

b). Approximately $3,300 in U.S. Currency seized from 1816 Pissarro Court, Stockton, CA.

On March 1, 2007, a Turn Over Order was signed by a San Joaquin County Superior Court Judge turning over the approximately $13,937 and $3,300 in U.S. Currency to the Drug Enforcement Administration ("DEA") for Federal forfeiture proceedings. Hereinafter, the above-referenced assets are collectively referred to as the "seized assets".

Pursuant to 18 U.S.C. § 983(a)(3), the United States has 90 days in which to 1) return the property to the defendant, 2) commence a civil judicial forfeiture action, or 3) commence a criminal forfeiture action by including the seized assets in a criminal indictment.  On February 22, 2007, the Government elected the third option when it filed an Indictment containing a forfeiture allegation concerning the seized assets.[1]  That Indictment is now pending in this Court.

Title 18 U.S.C. § 983(a)(3)(B)(ii)(II) provides that when the government elects the third option, it must "take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute".  The applicable forfeiture statute in this case is 21 U.S.C. § 853.  That statute prescribes several methods for preserving property for the purpose of criminal forfeiture.

Section 853(f) authorizes the issuance of a criminal seizure warrant.  However, in cases like this one, where the property in question is already in government custody, it is not appropriate for a court to issue a seizure warrant directing the government to seize property from itself.  In turn, Section 853(e)

---

[1] The indictment lists the seized assets as approximately $14,000 and approximately $3,000 in U.S. Currency.

2

authorizes the court to issue a restraining order or an injunction to preserve the property for forfeiture.  However, that provision is not pertinent because there is no need to enjoin the government from disposing of property that the government has taken into its custody for the purpose of forfeiture, and that the government intends to preserve for that purpose through the conclusion of the pending criminal case.

Finally, Section 853(e)(1) also authorizes a court to "take any other action to preserve the availability of property" subject to forfeiture.  The government contends that this provision applies in circumstances where, as here, the government has already obtained lawful custody of the seized assets pursuant to state search warrants, and the government seeks to comply with Section 983(a)(3)(B)(ii)(II).  Thus, all that is required to comply with Section 983(a)(3)(B)(ii)(II) is an order from this Court stating that the United States and its agencies, including DEA and/or the U.S. Marshals Service, may continue to maintain custody of the seized assets until the criminal case is concluded.

Accordingly, pursuant to Section 853(e)(1), the United States respectfully moves this court to issue an order directing that the United States may maintain custody of the seized assets through the conclusion of the pending criminal case, and stating that such order satisfies the requirements of 18 U.S.C.

///
///
///
///

§ 983(a)(3)(B)(ii)(II).

DATED: 3/14/07                   McGREGOR W. SCOTT
                                 United States Attorney


                                 /s/ Richard J. Bender
                                 RICHARD J. BENDER
                                 Assistant U.S. Attorney


**ORDER**

This matter comes before the Court on the motion of the United States for an Order authorizing the government and its agencies to maintain custody of certain property pending the conclusion of the pending criminal case. For the reasons provided in the government's motion, the Court makes the following orders:

IT IS HEREBY ORDERED, that the United States and its agencies, including the DEA and/or the U.S. Marshals Service, are authorized to maintain and preserve the following assets until the conclusion of the instant criminal case, or pending further Order of this Court:

a). Approximately $13,937 in U.S. Currency seized from 3725 Section Avenue, Stockton, CA; and

b). Approximately $3,300 in U.S. Currency seized from 1816 Pissarro Court, Stockton, CA.

IT IS SO ORDERED.

DATED: March 15, 2007

                                 FRANK C. DAMRELL, JR.
                                 UNITED STATES DISTRICT JUDGE